IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EDWARD ROSE, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2530 |
| | : | |
| THE BANK OF NEW YORK | : | |
| MELLON, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SCHMEHL, J.**                                                                                                                         **JUNE 21, 2018**

      Plaintiff James Edward Rose, Jr., proceeding *pro se*, has field this civil action against The Bank of New York Mellon, Carrington Mortgage Co., and Milstead and Associates. He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), as well as a "Motion for Temporary Injunction" (ECF No. 3) and "Motion Directing United States Marshal's Office to Serve the Named and Unnamed Defendants Through Their Counsel Milstead and Associates or in Person" (ECF No. 4). For the following reasons, the Court will grant Rose leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend. The Court will also deny his Motions.

**I.    FACTS**

      Rose alleges that this matter "involves a history of over 23 years and the information that is needed in order for the Court to follow the history will be lengthy." (Compl. at 2.) According to Rose, at some point in the past, he "was with Ho John Torsigni on the day [he applied] for a [home] loan." (*Id.*) Rose was drunk because Torsigni had given him whiskey to celebrate the home loan. (*Id.*) He "was so drunk he could barely stand up." (*Id.*) Rose gave Bob Wilson "20,000 to put down on the loan to purchase the home." (*Id.*)

1

According to Rose, he first applied for the loan "under his true name of James E. Rose Junior some 23 or 24 years ago." (*Id.* at 3.) However, he was informed by Wilson that he could not obtain a loan under his real name. (*Id.*) Wilson asked if Rose ever used another name, and Rose provided his alias of Jason E. Roman. (*Id.*) Wilson told Rose that "it was not illegal to use a fictitious name and that if anyone was to get in trouble it would be him." (*Id.*) Rose "was told the loan was coming from a company owned by the Russian Mafia." (*Id.*)

Two months ago, Rose was applying for a modification loan from the Carrington Mortgage Company. (*Id.*) He was informed by the banker there that the loan under the name of Jason Roman "was an illegal loan." (*Id.*) Rose "immediately moved to correct this problem with the illegal loan that [he] had nothing to do with, by informing the lenders that [he] is not Jason Roman." (*Id.*) Rose also "filed a claim in Lehigh County Court to quash all foreclosure proceedings because all the foreclosure proceedings were conducted under a fictitious name." (*Id.*)

Rose "realizes now that he was a part of the banking institutions criminal activities" and claims that he "simply did not want to be a part of these banking shenanigans or manipulations." (*Id.* at 4.) He states that he "became a gigolo in that he took money from his girlfriends to make his loan payments; this is no secret, not to local law enforcement." (*Id.*) According to Rose, the Carrington Mortgage Company "explicitly told [him] that in order for them to process a loan modification [he] had to give a statement that Jason Roman and James Rose are the same person." (*Id.*) Rose realized "that this is a lie and this type of statement would make the public believe that [he] suffers from schizophrenia and that [he] suffers from multiple personalities." (*Id.*)

According to Rose, Wilson and the Carrington Mortgage Company have turned him "into a bipolar and dissociative identity disorder individual." (*Id.*) He contends that "the banks have violated [his] civil rights and contractual rights beyond repair." (*Id.* at 5.) Rose further alleges that "Milstead and Associates were at all times relevant and aware of these defects in the banking contract and made no attempt whatsoever to cure the defect in the State Court foreclosure proceedings." (*Id.* at 6.) He also argues that the contract was invalid because he was inebriated when he signed it. (*Id.*)

Rose alleges that all transactions occurred in Lehigh County "except for the initial signing of the contract, which took place in Monroe County." (*Id.* at 7.) As relief, he asks that the Court "enter judg[]ment against the defendants in excess of five million dollars per year for the past 15 years that these defendants, Country Wide Home Loans, Bank of America, Carrington Mortgage Company along with Milstead and Associates who all acted in concert among one another to deprive [him] and his minor son of their contractual rights as well as their civil rights and liberties." (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Rose leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Rose's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Because Rose is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III.  DISCUSSION

The way in which Rose's Complaint is pled makes it difficult for the Court to discern whether he has stated a plausible claim for relief at this time. As noted above, Rose names The Bank of New York Mellon, Carrington Mortgage Co., and Milstead and Associates in the caption of his Complaint, but then appears to seek relief against Country Wide Home Loans and Bank of America as well. Accordingly, it is difficult to determine who the Defendants are in this case, making it difficult to assess the validity of Rose's claims.

Rose vaguely claims that the Defendants violated his "civil rights and contractual rights beyond repair." To the extent Rose seeks to raise claims pursuant to 42 U.S.C. § 1983 against the Defendants, his claims fail, as nothing in the Complaint suggests that they are state actors. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009); *Bailey v. Harleysville Nat'l Bank & Trust*,

4

188 F. App'x 66, 67-68 (3d Cir. 2006) (per curiam) (concluding that defendant bank was not a state actor); *Swope v. Northumberland Nat'l Bank*, No. 4:13-CV-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors."). Moreover, with respect to his contract claims, Rose states that the "initial signing of the contract" took place in Monroe County. (Compl. at 7.) If Rose is raising claims regarding the signing of the contract, venue for those claims is not proper here, as Monroe County is located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

Overall, Rose fails to state a claim against any of the named Defendants. He fails to mention The Bank of New York Mellon in the body of his Complaint and thereby has not stated a basis for imposing liability against that entity. Furthermore, Rose's allegations against the Carrington Mortgage Company and Milstead and Associates are vague and do not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Accordingly, Rose's claims against the named Defendants will be dismissed at this time. In light of Rose's *pro se* status, however, the Court will provide leave for him to file an amended complaint.

**IV. ROSE'S MOTIONS**

In his "Motion for Temporary Injunction," Rose states that he is currently in foreclosure and that his home "is up for sheriff's sale scheduled for June 22, 2018." (Mot. for Temp. Inj. At 1, ECF No. 3.) He believes that this litigation "will last for at least one year" and therefore seeks a "temporary injunction preventing any and all future sheriff's sales that would affect not only

5

his home but the litigation in his lawsuit." (*Id.*) The Anti-Injunction Act, however, prohibits his Court from enjoining the sheriff's sale. Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Rose's filings do not establish a plausible basis for concluding that any of those exceptions are met here. Indeed, several district courts in this circuit have held that the Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings.[1] Accordingly, Rose's "Motion for Temporary Injunction" will be denied.

In his "Motion Directing United States Marshal's Office to Serve the Named and Unnamed Defendants Through Their Counsel Milstead and Associates or in Person," Rose requests that the Court order the United States Marshal to serve the Defendants through Milstead and Associates because they are represented by that firm. (Mot. at 1, ECF No. 4.) As noted above, however, the Court will dismiss Rose's Complaint for failure to state a claim with leave to amend. Accordingly, service is not proper at this time, and Rose's Motion will therefore be denied.

---

[1] *See, e.g., Coppedge v. Conway*, No. CV 14-1477-GMS, 2015 WL 168839, at **1-2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. CIV.A. 14-5055 SRC, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *E. Liggon–Redding v. Generations,* No. 14–3191(JBS), 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); *Mason v. Bank of Am.*, N.A., No. CIV.A. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act.").

## V.　CONCLUSION

For the foregoing reasons, the Court will grant Rose leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure.  This dismissal will be without prejudice to Rose's right to file an amended complaint, as set forth in the Order that follows.  Rose's "Motion for Temporary Injunction" and "Motion Directing United States Marshal's Office to Serve the Named and Unnamed Defendants Through Their Counsel Milstead and Associates or in Person" will be denied.