# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EDWARD ROSE, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2530 |
| | : | |
| THE BANK OF NEW YORK | : | |
| MELLON, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                                      **AUGUST  22, 2018**

On June 14, 2018, *pro se* Plaintiff James Edward Rose, Jr., filed this civil action against The Bank of New York Mellon, Carrington Mortgage Co., and Milstead and Associates.  (ECF No. 2.)  He also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), as well as a "Motion for Temporary Injunction" (ECF No. 3) and "Motion Directing United States Marshal's Office to Serve the Named and Unnamed Defendants Through Their Counsel Milstead and Associates or in Person" (ECF No. 4).

By Memorandum and Order entered on June 21, 2018, the Court granted Rose leave to proceed *in forma pauperis*, dismissed his Complaint with leave to amend, and denied his Motions.  (ECF Nos. 6, 7.)  Specifically, the Court noted that:  (1) it was difficult to assess the validity of Rose's claims because it was not clear who the intended Defendants were; (2) any claims raised pursuant to 42 U.S.C. § 1983 failed because the Defendants are not state actors; (3) Rose failed to state a basis for imposing liability against The Bank of New York Mellon because he failed to mention that entity in the body of his Complaint; and (4) his allegations against the Carrington Mortgage Company and Milstead and Associates failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  (ECF No. 6 at 4-5.)

On July 20, 2018, Rose filed a "Motion for Additional 20 Days to File an Amended Complaint." (ECF No. 8.) By Order entered on July 23, 2018, the Court granted that Motion. (ECF No. 9.) On August 20, 2018, the Court received a "Motion to Submit Documented Evidence to Support the Plaintiff's Claims Against the Defendants" from Rose. (ECF No. 10.) He names The Bank of New York Mellon, Carrington Mortgage Services LLC, Apex Abstract, Bankers Trust Company of California, Bank of America, Delta Funding Corporation, Robert Wilson, New Century Mortgage Corporation, and "MERS" Mortgage Electronic Registration Systems Inc. as the Defendants. (*Id.* at 7.)[1] In his Motion, Rose states that it "is [his] first Amended Complaint." (*Id.* at 1.) Accordingly, the Court will deem the Motion to be Rose's Amended Complaint and, for the following reasons, will dismiss the Amended Complaint.

## I. FACTS

Rose's Amended Complaint concerns an alleged "predatory [mortgage] loan." (Am. Compl. at 1.) He contends that his mortgage is illegal, and that he was not made aware of this until "approximately two months ago when the officials from Carrington Mortgage Services, LLC, informed [him] that the loan given to [him] was illegal." (*Id.*) According to Rose, "the loan was unenforceable once [he] stopped paying on that particular loan." (*Id.* at 2.)

Rose states that "[o]ver the course of twenty-some odd years, there were multiple lending agencies that kept purchasing [his] loan." (*Id.* at 2.) None of them told Rose that his loan "was a predatory loan" and that it "was illegal to give a loan to a person who did not have proper identification." (*Id.*) Rose claims that "none of these lenders signed the lending contracts, and they [swore] under oath that the[y] swore [him] in and that [he] appeared before and nothing could be further from the truth." (*Id.*)

---

[1] The Court uses the pagination assigned by the CM/ECF docketing system.

Rose goes on to fault Milstead and Associates for "[keeping] quiet the illegal lending activities of their clients, namely, Countrywide Home Loans and Bank of America, and anyone who was attached to the overtly or covertly the evil is the same" [sic]. (*Id.*) Rose also states that even though Countrywide Home Loans and Bank of America "paid off the Federal Government rather than go to jail or face criminal charges," no one ever offered him "the opportunity to settle this case." (*Id.*) He believes that he should have been "given the opportunity to take advantage [of] the $16.5 billion settlement that the United States Government obtained." (*Id.* at 3.)

Rose has attached several documents to his Amended Complaint.[2] He indicates that those documents are "evidence of the evil intentions of these Defendants, who acted collectively and in concert, to deprive an American citizen out of every Constitutional Right that the Government guarantees that citizen." (*Id.*) He argues that the Defendants "owe [him] not only his home, but $25 million, for using terroristic tactics on [him] and making [him] undergo a living nightmare the past 25 years." (*Id.*) Rose contends that "there was fraud committed by both parties," because he signed a contract "which was void on its face and upon its inception" and because "the mortgage company . . . issued a loan for all legal purposes to a person that did not exist and without identification." (*Id.* at 4.)

Rose appears to ask for several kinds of relief. He mentions that it "would be appropriate for this [C]ourt to dismiss the contract signed by [him] as being dead from the beginning and unenforceable now and in the future." (*Id.* at 5.) He also asks that the Court "order th[e] United States Attorney General's Office to investigate these Defendants who at all times relevant acted in concert to strip away [his] Civil Rights and liberties during the course of their unlawful

---

[2] These documents include an article about the Bank of America settlement as well as various mortgage documents signed by "James E. Roman," which Rose's initial Complaint made clear is one of his aliases.

practices of predatory lending and falsifying documents for a person that never existed." (*Id.*) He further asks for $2 million from each Defendant, as well as "all of his money back that he put down on the home and all of the payments he paid on the home over the past twenty years." (*Id.* at 6.)

## II. STANDARD OF REVIEW

Because the Court previously granted Rose leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because Rose is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted above, Rose again faults the Defendants for violating his civil and constitutional rights. As the Court previously informed Rose, to the extent he seeks to raise claims pursuant to 42 U.S.C. § 1983 against the Defendants, his claims fail, as nothing in the Amended Complaint suggest that they are state actors. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009); *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67-68 (3d Cir. 2006) (per curiam) (concluding that defendant bank was not a state actor); *Swope v. Northumberland Nat'l Bank*,

No. 4:13-CV-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors."). Accordingly, any claims brought pursuant to § 1983 will be dismissed.[3]

To the extent that Rose is asserting claims pursuant to state tort law, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While Rose requests well over $75,000.00 in damages, his Amended Complaint fails to establish that the parties are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). While the Amended Complaint does not allege Rose's domicile, his initial Complaint and other filings suggest that he is domiciled in Pennsylvania. However, he has provided a Pennsylvania address for Defendants Apex Abstract and Robert Wilson. Moreover, the Amended Complaint is devoid of information regarding several of the Defendants' business forms, *i.e.*, whether they are non-profit corporations or another type of business organization, which is necessary for determining their citizenships. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir.

---

[3] Moreover, the Court does not discern any other timely, plausible claims brought pursuant to federal law in the Amended Complaint. To the extent that Rose seeks rescission of his mortgage under the Truth in Lending Act ("TILA"), such a claim is time-barred, as the "right of rescission . . . expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Here, the Amended Complaint makes clear that Rose's mortgage transaction was consummated more than twenty (20) years ago.

2015) (a plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Thus, it appears that diversity jurisdiction also does not exist.

## IV. CONCLUSION

For the foregoing reasons, the Court will deem the "Motion to Submit Documented Evidence to Support the Plaintiff's Claims Against the Defendants" to be Rose's Amended Complaint and will dismiss the Amended Complaint. Any federal claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that the Amended Complaint asserts claims pursuant to state law, those claims will be dismissed without prejudice to Rose's right to reassert them in state court. Rose will not be permitted to file a second amended complaint in this matter. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

                      **BY THE COURT:**

                      **/s/ Jeffrey L. Schmehl**
                      **JEFFREY L. SCHMEHL,**